IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-584

 No. COA20-654

 Filed 2 November 2021

 Pitt County, No. 17 CVS 2569

 GREENBRIER PLACE, LLC, Plaintiff,

 v.

 BALDWIN DESIGN CONSULTANTS, P.A., and MICHAEL W. BALDWIN,
 Defendants.

 Appeal by plaintiff from order entered 16 March 2020 by Judge Jeffery B.

 Foster in Pitt County Superior Court. Heard in the Court of Appeals

 22 September 2021.

 Law Office of W. Gregory Duke, by W. Gregory Duke, for plaintiff-appellant.

 Cranfill Sumner LLP, by Steven A. Bader and Daniel G. Katzenbach, for
 defendants-appellees.

 ARROWOOD, Judge.

¶1 Greenbrier Place, LLC (“plaintiff”) appeals from the trial court’s order granting

 partial summary judgment in favor of Baldwin Design Consultants, P.A. and Michael

 W. Baldwin (“defendants”). Plaintiff contends the trial court erred in granting

 defendants’ motion for summary judgment, specifically arguing that the ruling affects

 a substantial right and creates a possibility of inconsistent verdicts. Defendant has

 filed a motion to dismiss plaintiff’s appeal, arguing the appeal is interlocutory and
 GREENBRIER PLACE, LLC V. BALDWIN DESIGN CONSULTANTS, P.A.

 2021-NCCOA-584

 Opinion of the Court

 does not affect a substantial right. For the following reasons, we dismiss plaintiff’s

 appeal.

 I. Background

¶2 Plaintiff is a North Carolina limited liability company formed for the purposes

 of developing a residential subdivision known as Greenbrier Place. Plaintiff filed a

 complaint against defendants on 12 October 2017, asserting claims of negligence,

 negligent misrepresentation, breach of contract, unfair and deceptive trade practices,

 fraud, and constructive fraud. In the complaint, plaintiff alleged that on

 20 August 2015, defendants produced and provided a “Probable Development Costs

 Estimate” to Cherry Construction Company, Inc. (“Cherry Construction”) acting as

 plaintiff’s agent. The estimate concerned the development of a forty-three lot

 Greenbrier Place residential neighborhood and included an estimate in the amount

 of $1,066,259.84. Plaintiff purchased the land for development on 29 December 2015.

 Plaintiff alleged that on or around February 2016, defendants provided plaintiffs

 with an updated “Summary of Development Costs” estimating total costs of

 $818,337.51 for twenty eight of the forty-three proposed lots, reflecting an increase

 “by a minimum amount of $190,472.80[.]”

¶3 Defendant Michael W. Baldwin (“Baldwin”) filed an answer and third-party

 complaint on 18 December 2017. Defendant Baldwin Design Consultants, P.A.

 (“Baldwin Design Consultants”) filed counterclaims on 15 July 2019.
 GREENBRIER PLACE, LLC V. BALDWIN DESIGN CONSULTANTS, P.A.

 2021-NCCOA-584

 Opinion of the Court

¶4 On 26 July 2019, plaintiff filed a response to Baldwin Design Consultants’

 counterclaims which included affirmative defenses and a motion to dismiss the

 counterclaims for failure to state a claim upon which relief could be granted.

¶5 On 19 November 2019, defendants filed a motion for partial summary

 judgment as to plaintiff’s claims for unfair and deceptive trade practices, fraud, and

 constructive fraud. On 27 November 2019, plaintiff filed a motion in opposition

 seeking summary judgment on all six of plaintiff’s claims as well as Baldwin Design

 Consultant’s counterclaims.

¶6 The matter came on for hearing on 9 December 2019 in Pitt County Superior

 Court, Judge Foster presiding.

¶7 On 16 March 2020, the trial court entered an order granting defendants’

 motion for partial summary judgment and denying plaintiff’s motion for summary

 judgment and motion in opposition. The order did not provide certification for appeal

 pursuant to North Carolina Rules of Civil Procedure Rule 54(b).

¶8 Plaintiff filed written notice of appeal on 14 April 2020.

 II. Discussion

¶9 Plaintiff contends the trial court erred in granting defendants’ partial motion

 for summary judgment. Before addressing plaintiff’s arguments, we must address

 defendants’ motion to dismiss plaintiff’s appeal as interlocutory.

¶ 10 “ ‘An interlocutory order is one made during the pendency of an action, which
 GREENBRIER PLACE, LLC V. BALDWIN DESIGN CONSULTANTS, P.A.

 2021-NCCOA-584

 Opinion of the Court

 does not dispose of the case, but leaves it for further action by the trial court in order

 to settle and determine the entire controversy.’ ” Hanesbrands Inc. v. Fowler, 369

 N.C. 216, 218, 794 S.E.2d 497, 499 (2016) (quoting Veazey v. City of Durham, 231

 N.C. 357, 362, 57 S.E.2d 377, 381 (1950)). Review of an interlocutory ruling is proper

 if the trial court certifies the case for appeal pursuant to North Carolina Rules of Civil

 Procedure Rule 54(b), or if the ruling deprives the appellant of a substantial right

 that will be lost absent immediate review. N.C. Gen. Stat. §§ 1-277(a), 7A-27(b)(3)

 (2019). “The appellants must present more than a bare assertion that the order

 affects a substantial right; they must demonstrate why the order affects a substantial

 right.” Hoke Cty. Bd. of Educ. v. State, 198 N.C. App. 274, 277-78, 679 S.E.2d 512,

 516 (2009) (emphasis in original).

¶ 11 Our Supreme Court has determined that a “substantial right is ‘a legal right

 affecting or involving a matter of substance as distinguished from matters of form: a

 right materially affecting those interests which [one] is entitled to have preserved

 and protected by law: a material right.’ ” Gilbert v. N.C. State Bar, 363 N.C. 70, 75,

 678 S.E.2d 602, 605 (2009) (alteration in original) (quoting Oestreicher v. Am. Nat’l

 Stores, Inc., 290 N.C. 118, 130, 225 S.E.2d 797, 805 (1976)).

¶ 12 The inconsistent verdicts doctrine is a subset of the substantial rights doctrine

 and is “often misunderstood.” Shearon Farms Townhome Owners Ass’n II, Inc. v.

 Shearon Farms Dev., LLC, 272 N.C. App. 643, 646, 847 S.E.2d 229, 233 (2020), disc.
 GREENBRIER PLACE, LLC V. BALDWIN DESIGN CONSULTANTS, P.A.

 2021-NCCOA-584

 Opinion of the Court

 review denied, 377 N.C. 566, 858 S.E.2d 284 (2021). An appellant is required to show

 “that the same factual issues are present in both trials and that [appellants] will be

 prejudiced by the possibility that inconsistent verdicts may result.” Hien Nguyen v.

 Taylor, 200 N.C. App. 387, 391, 684 S.E.2d 470, 473-74 (2009) (citing Moose v. Nissan

 of Statesville, 115 N.C. App. 423, 426, 444 S.E.2d 694, 697 (1994)). Avoiding separate

 trials on different issues does not affect a substantial right. J & B Slurry Seal Co. v.

 Mid-South Aviation, Inc., 88 N.C. App. 1, 7, 362 S.E.2d 812, 816 (1987). Additionally,

 “[t]he mere fact that claims arise from a single event, transaction, or occurrence does

 not, without more, necessitate a conclusion that inconsistent verdicts may occur

 unless all of the affected claims are considered in a single proceeding.” Hamilton v.

 Mortg. Info. Servs., Inc., 212 N.C. App. 73, 80, 711 S.E.2d 185, 190 (2011).

¶ 13 “It is the appellant’s burden to present appropriate grounds for this Court’s

 acceptance of an interlocutory appeal, . . . and not the duty of this Court to construct

 arguments for or find support for appellant’s right to appeal[.]” Johnson v. Lucas,

 168 N.C. App. 515, 518, 608 S.E.2d 336, 338, aff’d, 360 N.C. 53, 619 S.E.2d 502 (2005)

 (citation omitted). “Where the appellant fails to carry the burden of making such a

 showing to the court, the appeal will be dismissed.” Id. (citing Jeffreys v. Raleigh

 Oaks Joint Venture, 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994)).

¶ 14 Plaintiff cites Carcano v. JBSS, LLC, 200 N.C. App. 162, 684 S.E.2d 41 (2009)

 to support application of the inconsistent verdict doctrine. In Carcano, this Court
 GREENBRIER PLACE, LLC V. BALDWIN DESIGN CONSULTANTS, P.A.

 2021-NCCOA-584

 Opinion of the Court

 found that the plaintiffs demonstrated the risk of an inconsistent verdict because two

 facts—whether “defendants caused plaintiffs’ damages by falsely representing that

 ‘JBSS, LLC,’ validly existed as an LLC and by inducing plaintiffs to invest in the

 business”—would likely be determinative of all claims and that two juries could reach

 different outcomes on these overlapping factual issues. Carcano, 200 N.C. App. at

 168, 684 S.E.2d at 47.

¶ 15 In the case sub judice, plaintiff argues that the trial court’s order affects a

 substantial right because there are factual issues common to all claims, including

 whether defendants caused plaintiff’s damages “by falsely representing that all of the

 costs of developing the residential subdivision project were included in the PDC

 Estimates[.]” Plaintiff also raises factual issues related to a vegetative buffer

 required by city code, whether defendants should have included disclaimers or

 exclusions of costs not reflected in the PDC estimates, and whether defendants should

 have obtained updated subcontractor bids for the estimates rather than relying on

 data from prior projects.

¶ 16 Defendants argue that plaintiff’s remaining claims for negligence, negligent

 misrepresentation, and breach of contract require different proof than the unfair and

 deceptive trade practices and fraud claims disposed of by the trial court. This Court

 has held that negligence claims require different proof than claims for unfair and

 deceptive trade practices or fraud. See Ausley v. Bishop, 133 N.C. App. 210, 218, 515
 GREENBRIER PLACE, LLC V. BALDWIN DESIGN CONSULTANTS, P.A.

 2021-NCCOA-584

 Opinion of the Court

 S.E.2d 72, 78 (1999) (claim of fraud differs from claim of negligence); Noble v. Hooters

 of Greenville (NC), LLC, 199 N.C. App. 163, 172, 681 S.E.2d 448, 455 (2009) (unfair

 and deceptive trade practices violation requires more than negligence). This Court

 has also recognized “that actions for unfair or deceptive trade practices are distinct

 from actions for breach of contract and that a mere breach of contract, even if

 intentional, is not sufficiently unfair or deceptive to sustain an action under N.C.

 [Gen. Stat.] § 75-1.1.” Branch Banking & Tr. Co. v. Thompson, 107 N.C. App. 53, 62,

 418 S.E.2d 694, 700 (1992) (citations omitted). Additionally, failure to perform under

 the terms of a contract, standing alone, does not support a claim of fraud. Hoyle v.

 Bagby, 253 N.C. 778, 781, 117 S.E.2d 760, 762 (1961) (“It is the general rule that an

 unfulfilled promise cannot be made the basis for an action for fraud.”).

¶ 17 Although plaintiff presents several facts from which the claims arise, plaintiff

 has failed to carry the burden of showing that the inconsistent verdict doctrine

 applies. Plaintiff’s remaining claims require different proof than the claims resolved

 on summary judgment, and accordingly plaintiff has failed to identify common facts

 that are determinative of all claims. Because plaintiff has failed to show that a

 substantial right has been affected, we grant defendants’ motion to dismiss plaintiff’s

 appeal.

 III. Conclusion

¶ 18 For the foregoing reasons, we dismiss plaintiff’s appeal.
 GREENBRIER PLACE, LLC V. BALDWIN DESIGN CONSULTANTS, P.A.

 2021-NCCOA-584

 Opinion of the Court

DISMISSED.

Judges CARPENTER and GRIFFIN concur.